IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEROY LEE BOLDEN, #A6091229,<br><br>Petitioner,<br><br>vs.<br><br>LAW ENFORCEMENT,<br><br>Respondent. | CIVIL NO. 25-00433 DKW-KJM<br><br>ORDER DISMSSING PETITION WITH LEAVE TO AMEND; ORDER TO SHOW CAUSE |

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by pro se Petitioner Leroy Lee Bolden. ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Bolden has not named a proper respondent, the Petition is DISMISSED with leave to amend. If Bolden chooses to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how he is in custody pursuant to the state judgment that he now seeks to challenge, and how any claims that he seeks to assert have been fully exhausted. Alternatively, Bolden may voluntarily dismiss this action.

## I. **BACKGROUND**[1]

On September 11, 2020, Bolden was issued a Notice of Traffic Infraction pursuant to Hawaii Revised Statutes § 291C-73(c) for crossing a street at a point other than a crosswalk. *See State v. Bolden*, No. 1DTI-20-131601 (Haw. Dist. Ct.). Default judgment was entered on December 14, 2020, *id.*, Dkt. 2, but that judgment was vacated on January 22, 2025, *id.*, Dkt. 35. On the same day, the case was dismissed with prejudice. *Id.*, Dkt. 33.

Bolden commenced this action by signing the Petition on October 2, 2025. ECF No. 1. In the Petition, Bolden seeks to challenge his "conviction" in No. 1DTI-20-131601. *Id.* at PageID.1. According to Bolden, he received a three-day sentence. *Id.* Bolden does not allege that he ever filed an appeal or otherwise challenged his conviction No. 1DTI-20-131601 in state court. The Court received the filing fee on October 8, 2025.

## II. **LEGAL STANDARD**

Rule 4 of the Habeas Rules requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court may summarily dismiss a habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Rule 4; *Valdez v. Montgomery*,

---

[1]These facts are taken from the Petition, its exhibits, and publicly available state court opinions. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (same).

2

918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

### III.  DISCUSSION

#### A.  Correct Respondent

Bolden names "Law Enforcement" as the Respondent in this action. ECF No. 1 at PageID.1.

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]" 28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004). The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. This is the person "with the ability to produce the prisoner's body before the habeas court." *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can

produce 'the body' of the petitioner." (citations omitted)).  Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian.  *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"  *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)").

Bolden is currently incarcerated at the Halawa Correctional Facility.  Instead of naming as respondent the warden of the HCF, however, Bolden has named "Law Enforcement."  ECF No. 1 at PageID.1.  Because Bolden has provided no reason to stray from the default rule, the Petition is DISMISSED with leave to amend.

If Bolden decides to proceed with this action, he must file an amended petition naming a correct respondent—for example, the warden at the HCF.

Before the Court will order any properly named respondent to answer the Petition, however, Bolden must also show cause in writing why this action should not be dismissed for the following reasons.

**B.      In Custody Pursuant to the Judgment Being Challenged**

Section 2254 authorizes a habeas petition to be filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The Supreme Court has interpreted § 2254(a) as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Wright v. State*, 47 F.4th 954, 958 (9th Cir. 2022) (internal quotation marks omitted). Thus, "there must be a nexus between 'the judgment of a State court' the petitioner is challenging and the 'custody' upon which the petitioner relies to establish jurisdiction." *Id.*

Here, it does not appear that Bolden can meet this requirement. Indeed, state court records reflect that No. 1DTI-20-131601 was dismissed with prejudice on January 22, 2025. Even assuming the truth of Bolden's statement that he was sentenced to three days' incarceration, ECF No. 1 at PageID.1, Bolden has not demonstrated that he remains in custody pursuant to the judgment in No. 1DTI-20-131601. Unless he can do so, this case must be dismissed. *See Wright*, 47 F.4th at

959 ("[T]he challenged judgment must be the source of the petitioner's custody.") (internal quotation marks omitted).

### C.   Exhaustion of State Remedies

Section 2254 "generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) ("[B]efore . . . a [§ 2254] petition may be heard, the petitioner must seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." (internal quotation marks and citation omitted)). A petitioner satisfies the exhaustion requirement by either: (1) fairly and fully presenting each federal claim to the highest relevant state court or (2) showing that there is no state remedy available. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has exhausted state remedies[.]" *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992); *Eline v. Att'y Gen. of Haw.*, Civ. No. 19-00264 LEK-KJM, 2019 WL 2998551, at *3 (D.

Haw. July 9, 2019) (same).  Where a habeas petition raises only unexhausted claims, the court must dismiss the petition.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, Bolden does not allege that he challenged any judgment in No. 1DTI-20-131601 either on direct appeal or by way of an HRPP 40 petition.  Unless Bolden properly exhausted his state remedies, this case must be dismissed.

Bolden is reminded that federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a); *Munoz v. Smith*, 17 F.4th 1237, 1238 (9th Cir. 2021).  A claim is exhausted only if it "has been fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Thus, a petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Insyxiengmay*, 403 F.3d at 668 (citation omitted).  The Ninth Circuit has stated that a "petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Id.*  The "mere mention of the federal Constitution as a whole, without specifying an

7

applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).  Thus, even if Bolden can show that he filed an appeal or HRPP 40 petition, he must also show that he made the federal bases of his claims clear to the state courts.  At this point, Bolden has not identified any alleged violation of federal law.

### IV.  CONCLUSION

(1)  The Petition is DISMISSED with leave to amend on or before **November 11, 2025**.  Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2)  If Bolden elects to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how he is now in custody pursuant to the judgment he seeks to challenge, <u>and</u> how his claims are fully exhausted.  He must also name a proper Respondent.

(3) In the alternative, Bolden may NOTIFY the court in writing on or before **November 11, 2025** that he is voluntarily dismissing this action.

//

//

//

8

(4)  The Clerk shall SEND Bolden a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: October 14, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Leroy Lee Bolden v. Law Enforcement*; Civil No. 25-00433 DKW-KJM; **ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND ORDER TO SHOW CAUSE**